OPINION
Defendant-appellant William F. Fleming appeals from a finding that he is a sexual predator under R.C. 2950.09. This case requires us to decide two issues. First, whether the trial court erred when it made a sexual predator finding without a written explanation of its reasoning. Second, whether the trial court's decision to label Fleming a sexual predator is supported by sufficient evidence.
We conclude that although a "model" sexual predator hearing would include an explanation by the trial court of its reasoning in making a sexual predator finding, the court's failure to do so does not constitute reversible error. Further, we are satisfied the trial court had an adequate basis for Fleming's sexual predator classification, and that the finding is not against the manifest weight of the evidence. The record reflects that Fleming has committed two violent rapes, one attempted rape, and the evidence suggests that his completion of a treatment program was unsuccessful in preparing him to deal with sexually deviant urges. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1979, Fleming hit and choked a woman until she consented to sexual intercourse. He was subsequently convicted of Rape. In that same year, Fleming admitted that he attempted to rape a second woman in a wheelchair, but changed his mind. He was paroled in 1983, and successfully terminated from parole in 1984. Later that year, he was convicted of Petit Theft. In 1985, he entered another woman's home, held a knife to her throat, and then raped her. For this incident, he was charged with Aggravated Burglary, Aggravated Robbery, and Rape. He plead guilty to the charge of Rape, and the charges of Aggravated Burglary and Aggravated Robbery were dismissed. He was sentenced to a term of seven to twenty-five years for Rape.
In 1999, Fleming appeared for an evidentiary hearing on the issue of his sexual offender classification. Dr. D. Susan Perry Dyer, a forensic psychologist, and Mary K. Williams, a probation officer, testified on behalf of the State, and exhibits were admitted. Fleming presented the testimony of his wife and submitted his own exhibit. At the conclusion of the hearing, the trial court found that Fleming was a sexual predator and an habitual sexual offender. From that order, Fleming appealed, asserting that the trial court erred by deeming itself required to consider the factors prescribed by R.C. 2950.09(B).[1] He also raised other several challenges to that statute. We reversed the trial court, and remanded for reconsideration of his classification in accordance with State v. White.[2] The trial court again found Fleming to be a sexual predator. From that decision, he appeals.
 II
Fleming's First Assignment of Error states:
 IT WAS ERROR FOR THE TRIAL COURT TO LABEL APPELLANT AS A SEXUAL PREDATOR WITHOUT PROPERLY DELINEATING THE RELEVANT AND PERTINENT CONSIDERATIONS IN SUPPORT OF SUCH A FINDING
Fleming argues that the trial court erred by failing to discuss, in its decision, the particular evidence and factors it relied upon in making its determination that he is a sexual predator. We agree that the court's decision fails to explain its reasoning in making this sexual predator finding. We have recently held, however, that although a "model" sexual offender classification hearing would include a discussion on the record of the particular evidence and factors upon which the trial court relied in making its finding, the failure to do so does not, in and of itself, constitute reversible error.[3]
Fleming's First Assignment of Error is overruled.
 III
Fleming's Second and Third assignments of error are as follows:
 THE TRIAL COURT ERRED WHEN IT LABELED APPELLANT AS A SEXUAL PREDATOR WHEN SUCH A LABEL IS UNSUPPORTED BY CLEAR AND CONVINCING EVIDENCE AS IS REQUIRED BY LAW.
 THE TRIAL COURT ERRED IN ADJUDICATING THE DEFENDANT A SEXUAL PREDATOR BECAUSE THE SAME WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Fleming claims that the court's decision finding him to be a sexual predator is not supported by sufficient evidence. To make a finding that an individual is a sexual predator, the trial court must find, by clear and convincing evidence, that a sexual offender is likely to commit another sexually oriented offense in the future.[4] R.C. 2950.09 lists certain factors for the trial court to consider in making this determination. The application of many of these factors to the issue of whether the offender is likely to re-offend is not self-evident, and the trial court is not limited to them.[5] A trial judge must also consider the submitted evidence, and then use common sense, based on the judge's experience and training to decide whether an offender is likely to commit another sexually oriented offense in the future.[6]
While the trial court's opinion is terse, offering little insight into its basis for classifying Fleming as a sexual predator, we conclude that there is sufficient evidence in the record to support a sexual predator finding. We have reviewed both the transcript of the hearing and the documents that the trial court relied upon to make its findings, including: (1) Dr. Dyer's forensic report of March 23, 1999, (2) the House Bill 180 Screening Instrument prepared by Mary Williams in 1999, (3) an Institution Summary Report referencing an incident of sexual misconduct between Fleming and his wife in 1992 (although he claims he was found innocent of this charge), (4) Fleming's indictment for Rape in 1985, (5) his pre-sentence report from 1986, (6) Fleming's certificates of completion of the Polaris Program, (7) his bachelor's degree, and (8) various awards he has received for his tutoring efforts and involvement with the Jaycees.
Fleming has committed at least two violent rapes and one attempted rape. He has been in jail for the greater part of the last twenty years. He was paroled in 1983, successfully terminating from parole in 1984. But even then, during his short period of freedom, and despite the threat of re-incarceration, he was unable to refrain from raping another woman. His behavior in prison also includes an allegation of sexual misconduct in 1992.
Dr. Dyer was unable to interpret the results of Fleming's psychological testing, because "he was so highly defensive, that he was unwilling to reveal even common failings that most individuals would readily admit to." Dr. Dyer's report of her interview of Fleming, however, also suggests a strong likelihood of recidivism:
 Mr. Fleming has a prior conviction for [R]ape and he admits to a prior charge of Attempted Rape. He also has a Petit Theft charge as an adult. It is known statistically that a prior conviction for a sex offense is one of the greatest indicators of future risk . . . . an individual who rapes adult women is in one of the highest risk categories. In Mr. Fleming's case, each of his victims were adult women. This category places him at very high risk. . . . It is known that chronicity and a strong pattern of abuse is associated with recidivism. . . . It must also be noted that Mr. Fleming was convicted of a 1979 [R]ape and admits to an Attempted Rape also in 1979. Such behavior does constitute a chronic pattern of rape-type deviance. . . . Mr. Fleming powered over his victim and threatened her at knife point. Such behavior constitutes cruelty, force, and threat and is strongly associated with recidivism. . . . Mr. Fleming was unable to delineate for this psychologist, an appropriate Relapse Prevention plan. . . . An offender who cannot spontaneously discuss their relapse prevention program is almost by definition ill-prepared to put it into place. Successful Sex Offender treatment is much like successful treatment of alcoholism or drug addiction wherein an individual must be prepared to deal with temptations as they arise. It would thus appear that Mr. Fleming is as yet not prepared to deal with sexually deviant arousal when he experiences it. It is unclear to this psychologist whether this is the result of Mr. Fleming's lack of diligence or a flaw in his treatment program. Nonetheless, it is of concern for his release into the community and the risk of recidivism it imposes.
(Emphasis added.)
Fleming presented the trial court with evidence of his substantial efforts to rehabilitate himself while in prison, including his six-year marriage, his completion of the Polaris program, his Bachelor's degree, and his tutoring of illiterate students. He argues that this evidence demonstrates he is not likely to commit a sexually oriented offense in the future. We disagree. While we commend Fleming for his efforts toward rehabilitation, and encourage his continued participation in these programs, we conclude that these efforts do not significantly ameliorate his likelihood of recidivism. For example, Fleming received his Associate's Degree in 1983. Yet in spite of advanced education, he committed another Rape in 1985. Thus, evidence of his obtaining a Bachelor's degree is not much of an indication that he will not commit another sexually oriented offense in the future. Furthermore, even though successful treatment in a program like Polaris ordinarily lessens the likelihood of a relapse, Dr. Dyer concluded that despite Fleming's treatment he is "not prepared to deal with sexually deviant arousal when he experiences it." Given the evidence presented to the trial court surrounding the conviction in this case, and the nature of his previous offenses, coupled with Dr. Dyer's assessment, we conclude that there is clear and convincing evidence to support the sexual predator finding, and that the finding is not against the manifest weight of the evidence.
Fleming's Second and Third assignments of error are overruled.
 IV
All of Fleming's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J. and YOUNG, J., concur.
[1] State v. Fleming (June 16, 2000), Montgomery App. No. 17897, unreported.
[2] (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported.
[3] State v. Weaver, (July 13, 2001), Montgomery App. No. 18532, unreported, citing State v. Eppinger (2001), 91 Ohio St.3d 158,743 N.E.2d 881, and State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570.
[4] R.C. 2950.01(E) and 2950.09(B)(3).
[5] R.C. 2950.09(B)(2)(j).
[6] Weaver, supra.